Adam P. Segal, Esq.
Nevada Bar No. 6120
Bryce C. Loveland, Esq.
Nevada Bar No. 10132
Christopher M. Humes, Esq.
Nevada Bar No. 12782
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone: (702) 382-2101
Facsimile: (702) 382-8135
Email: asegal@bhfs.com
Email: bcloveland@bhfs.com
Email: chumes@bhfs.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS UNION LOCAL 525 HEALTH AND WELFARE TRUST AND PLAN; TRUSTEES OF THE PLUMBERS AND PIPEFITTERS UNION LOCAL 525 PENSION PLAN; AND THE TRUSTEES OF THE PLUMBERS AND PIPEFITTERS LOCAL UNION 525 APPRENTICE AND JOURNEYMAN TRAINING TRUST FOR SOUTHERN NEVADA,<br><br>Plaintiffs,<br>vs.<br><br>NOW SERVICES OF NEVADA, LLC dba Cool Air Now dba Plumbing Repair Now, a Nevada limited liability company,<br><br>Defendant. | Case No.: 2:17-cv-01734-JAD-CWH<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (ECF NO. 29)** |

Before the Court is the Plaintiffs', Trustees of the Plumbers and Pipefitters Union Local 525 Health and Welfare Trust and Plan, Trustees of the Plumbers and Pipefitters Union Local 525 Pension Plan, and the Trustees of the Plumbers and Pipefitters Local Union 525 Apprentice and Journeyman Training Trust for Southern Nevada ("Trust Funds"), Motion for Default Judgment (the "Motion") against Defendant Now Services of Nevada, LLC ("Now Services"). Default having been entered against Defendant, the Court having reviewed the Plaintiffs' Motion, being fully advised, and good cause appearing, the Court now provides a brief procedural history and

1

18718595

makes the following findings of facts and conclusions of law.

**I.    Procedural History.**

On June 13, 2018, Now Services's counsel filed a Joint Motion to Withdraw. (ECF No. 16.) This Court granted counsels' Motion to Withdraw and ordered Now Services to notify the Court in writing of the identity of new counsel by July 30, 2018. (Minute Order (ECF No. 18, filed July 5, 2018).) Now Services never complied with the Court's Order.

On August 7, 2018, this Court again ordered Now Services to retain an attorney and for Now Services's attorney to file a notice of appearance by September 7, 2018. (ECF No. 20.) Now Services again failed to comply with the Court's order, and continues to do so as of the filing of this Order.

The Trust Funds then moved for sanctions against Now Services in the form of an entry of Default Judgment. (ECF No. 21, filed Sep. 21, 2018.) On February 8, 2019, the Court held a Hearing and denied the Motion without prejudice, instructing the Trust Funds to first seek entry of default against Now Services. (ECF No. 24, filed Feb. 12, 2019.) The Trust Funds followed the Court's direction and filed a motion for clerk's entry of default. (ECF No. 26, filed Feb. 14, 2019.) The Court granted the motion for default on February 19, 2019. (ECF No. 27.)

The Trust Funds now seek a default judgment.

**II.    Finding of Facts.**

1.    Plaintiffs Boards of Trustees are fiduciaries for purposes of the Employee Retirement Income Security Act of 1974 ("ERISA").

2.    Juan Carrilio Sotelo dba Sotelo Air and/or Sotelo Air, Inc., dba Cool Air Now ("Sotelo Air") acted as an employer within the State of Nevada employing persons who perform work covered by a collective bargaining agreement ("CBA") between Sotelo Air and the United Association of Journeymen and Apprentices of Plumbing and Pipe Fitters Local 525 ("Covered Employees").

3.    Juan Carrilio Sotelo owns Sotelo Air, as well as another entity, Now Services of Nevada, LLC dba Cool Air now dba Plumbing Repair Now.

18718595

4. The Trust Funds are ERISA employee benefit trust funds that provide benefits to Covered Employees.

5. The CBA incorporates by reference the trust agreements establishing the Trust Funds and any amendments thereto ("Trust Agreements").

6. Pursuant to the CBA, Sotelo Air agreed to abide by the Trust Agreements.

7. Sotelo Air failed to remit employee benefit contributions to the Trust Funds.

8. In response to Sotelo Air's failure to remit the amounts owed, the Trust Funds initiated litigation against Sotelo Air. *See Board of Trustees of the Plumbers and Pipefitters Union Local 525 Health and Welfare Trust, et al. v. Juan Carrilio Sotelo dba Sotelo Air, et al.*, No. 2:13-cv-00657-RFB-NJK (D. Nev. Aug. 2, 2013). After trial, the Sotelo Air court awarded the following damages to the Trust Funds: $95,013.77 in unpaid contributions; $69,835.13 in accrued interest up to that date; $69,835.13 in liquidated damages; and $14,875.96 in audit fees (the "Sotelo Air Judgment"), totaling $249,560 (rounded to the nearest dollar).

9. Shortly after the initiation of the *Sotelo Air* litigation, Sotelo Air transferred its business operations to Now Services.

10. Now Services performs the same air conditioning installation and repair services as Sotelo Air.

11. Sotelo Air assigned its office space lease to Now Services.

12. Now Services employs the same accountant and consultants as Sotelo Air.

13. Sotelo Air transferred its equipment and customer list to Now Services.

14. Sotelo Air transferred its vehicles to Now Services, changed the signs on the vehicles and Now Services began using the vehicles in its business operations.

15. Multiple employees transferred from Sotelo Air to Now Services.

16. Now Services uses the same phone number as Sotelo Air.

17. Now Services shares commonalties in ownership and management, business purposes, operations, customers, supervision and employees with Sotelo Air.

18. Now Services has been and is being used to avoid collectively-bargained obligations.

3

18718595

19. The Trust Funds' Collection Policy requires an additional $5,000 in attorney's fees and costs in any instance where the Trust Funds seek a delinquency judgment by default judgment.

**III. Conclusions of Law.**

1. "A corporation, partnership, or association may not appear in court except through licensed counsel." *See Bd. of Trustees of the Plumbers & Pipefitters Union Local 525 Health & Welfare Trust & Plan v. Sec. Plumbing & Air Conditioning*, No. 2:14-cv-01027-APG-PAL, 2016 WL 7031911, at *2 (D. Nev. Oct. 24, 2016).

2. Accordingly, "[t]he court may appropriately enter a default judgment against a defendant entity when it has failed to retain counsel to represent it as directed by the court." *Id.* (citing *United States v. High County Broad Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *see also Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007)

3. The court may also award sanctions against an unrepresented corporate defendant for violating an order of the court: "[t]he court has the authority under Rule 37(b) to impose litigation-ending sanctions." *Id.*

4. To determine whether a default judgment is appropriate, courts may consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

5. As to the first element of the *Eitel* test, the Trust Funds will suffer prejudice if default judgment is not entered because they "'will likely be without other recourse for recovery' if default judgment is not entered in their favor." *Tr. of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for S. Nev. v. Tile Concepts, Inc.*, No. 2:16-cv-01067-GMN-GWF, 2016 WL 8077987 (D. Nevada Dec. 7, 2016) (quoting *Liberty Ins. Underwriters, Inc. v. Scudier*, 53 F.Supp.3d 1308, 1318 (D. Nevada July 8, 2013))

4

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

18718595

6. Now Services has failed to participate in this action, despite being given multiple opportunities to retain counsel. As a result of its contravention of Court Orders, Now Services has received sanctions in the form of an entry of default against it. The first *Eitel* factor favors the entry of default judgment because Now Services has clearly stopped participating in this action, and the Trust Funds will have no recourse against Now Services unless default judgment is granted.

7. The second and third *Eitel* factors address the merits and sufficiency of a plaintiff's claim. *Eitel*, 782 F.2d at 1471-72. The undisputed facts in this case demonstrate that Now Services has numerous similarities with Sotelo Air, Inc., its alter ego, and was formed to avoid Sotelo Air's collectively bargained obligations. (Complaint at ¶¶ 12-18, 24). A judgment has been entered against Sotelo Air, demonstrating Now Services's alter ego's liabilities to the Trust Funds have been conclusively established. As a result of having default entered against it, Now Services has admitted these facts. The second and third *Eitel* factors favor the entry of default judgment.

8. The fourth *Eitel* factor concerns the damages at stake in the case. The damages in this case are reasonable and well-documented, based on the Sotelo Air Judgment, the Trust Funds' governing documents and calculations performed in the Trust Funds' Motion. Moreover, the damages in this case are dictated by statute. While the amount is not inconsequential, the well documented nature of the amounts coupled with the issuance of Sotelo Air judgment causes this factor to also favor the entry of default judgment.

9. Regarding the fifth *Eitel* factor, there is no possibility of dispute concerning the material facts. Because Now Services has had a default entered against it, the allegations in the complaint are deemed admitted and taken as true. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. U.S.*, 323 U.S. 1, 12 (1944)). Therefore, the fifth *Eitel* factor also favors the entry of default judgment.

18718595

10. The sixth *Eitel* factor demonstrates that excusable neglect is not a factor here. Now Services's failure to participate was not based on excusable neglect. The Court afforded Now Services multiple chances to retain counsel and participate in this action. Moreover, many months have passed between Now Services violating the Court's Orders and the filing of this Motion. Now Services elected not to continue, and therefore voluntarily subjected itself to the sanction of default. The sixth *Eitel* factor favors the entry of a default judgment.

11. The seventh and final *Eitel* factor also weighs in favor of entering default judgment. Although "should be decided on the merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, when defendants fail to answer the complaint, a decision on the merits is "impractical, if not impossible." *Anzalone*, 2018 WL 3004664 *7 (citing *PepsiCo v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. Dec. 27, 2002)). "Thus, 'the preference to decide a case on the merits does not preclude a court from granting default judgment." *PepsiCo*, 238 F. Supp.2d at 1177 (quoting *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314 (N.D. Cal. Feb. 13, 1996)). Here, Now Services's election to not continue in this action and resulting default has made a decision on the merits impractical, if not impossible.

12. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. U.S.*, 323 U.S. 1, 12 (1944)).

13. The alter ego doctrine in labor law is designed to prevent employers from escaping their collective bargaining obligations by shifting work to nonunion firms they also own. *UA Local 343 United Ass'n of Journeymen & Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1475 (9th Cir. 1995).

14. A successful application of the alter ego doctrine binds a nonunion employer to the signatory employer's continuing collective bargaining agreement and obliges the nonunion employer to pay the signatory employer's debt. *Resilient Flooring Covering Pension Fund v. M&M Installation, Inc.*, 630 F.3d 848, 854 (9th Cir. 2010).

18718595

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

15. Given Now Services's failure to comply with this Court's orders and its status as an unrepresented entity, the Court finds that default judgment is appropriate in this instance.

16. I conclude that based on the facts admitted upon default, Now Services is the alter ego of Sotelo Air due to their various commonalities and that Now Services is being used to avoid Sotelo Air's collectively bargained obligations.

17. Now Services is therefore liable for the Sotelo Air Judgment, jointly and severally with Sotelo Air, for the amount of $249,560.

18. Pursuant to 29 U.S.C. § 1132(g)(2) and the Trust Funds' governing documents, Now Services is also liable for the Trust Funds' reasonable attorney's fees, totaling $21,792, for a total judgment of $271,352, against Now Services and in favor of the Trust Funds.

IT IS HEREBY ORDERED, ADJUDICATED AND DECREED that

- The motion for default judgment **[ECF No. 29] is GRANTED**; and
- **The Clerk of Court is directed to ENTER FINAL JUDGMENT** against Defendant Now Services of Nevada, LLC in favor of the Trust Funds for the Sotelo Air Judgment amount ($249,560) plus the Trust Funds' attorney's fees ($21,792) **for a total of $271,352** and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: May 19, 2019

Respectfully submitted by:

BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ Christopher M. Humes
Adam P. Segal, Esq., Nevada Bar No. 6120
Bryce C. Loveland, Esq., Nevada Bar No. 10132
Christopher M. Humes, Esq., Nevada Bar No. 12782
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614

*Attorneys for Plaintiffs*

7

18718595